**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
|     THOMAS W. OLICK, | : | Chapter 13 |
|         Debtor. | : | |
| | : | Bky. No. 07-10880ELF |
| _____ | : | |
| | : | |
| THOMAS W. OLICK, | : | |
|         Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | Adv. No. 09-235 |
| CITY OF EASTON, et al. | : | |
|         Defendants. | : | |
| | : | |

# O R D E R

**AND NOW**, the Plaintiff having commenced this adversary proceeding by filing a complaint on July 27, 2009;

**AND**, the Plaintiff having filed a motion for preliminary injunction, which was denied after an evidentiary hearing held on December 3, 2009;

**AND**, the Defendants having filed a motion for summary judgment ("the Motion") on January 29, 2009;

**AND,** the Plaintiff having filed no response to the Motion;

\* \* \* \*

**AND**, a party being entitled to summary judgment when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(c) (incorporated by Fed.

R. Bankr. P.7056);

**AND**, under Rule 56, where the movant is the defendant, or the party without the burden of proof on the underlying claim, the movant still has the initial burden of showing the court the absence of a genuine issue of material fact, but this does not require the movant to support the motion with affidavits or other materials that negated the opponent's claim, see In re Newman, 304 B.R. 188, 193 (Bankr. E.D. Pa. 2002);

**AND**, here, the Movants (the Defendants) having submitted sufficient evidence in support of their position that there are no material issue of material fact and that they are entitled to judgment as a matter of law;

**AND**, the Plaintiff having failed to submit any evidence in opposition to the Motion;

**AND**, the court therefore concluding that the Defendants are entitled to summary judgment, see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (if the movant meets this initial burden, the responding party may not rest on his or her pleadings, but must designate specific factual averments through the use of affidavits or other permissible evidentiary material that demonstrate a triable factual dispute); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986) (same);

**\*   \*   \*   \***

It is therefore **ORDERED** that the Motion is **GRANTED** and that judgment is entered in favor of the Defendants and against the Plaintiff on all claims asserted in the Plaintiff's Complaint.

**Date:   February 25, 2010**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

cc:   Thomas W. Olick
      4014 Crestview Avenue
      Easton, PA 18045